McGREGOR W. SCOTT
United States Attorney
ROBIN R. TAYLOR
Assistant U.S. Attorney
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:07-CR-00478-JAM |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE |
| v. | ) | |
| | ) | |
| ISMAEL FALILOU DIAGNE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Based upon the plea agreement entered into between plaintiff United States of America and defendant Ismael Falilou Diagne, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 2320(b)(1)(B), defendant Ismael Falilou Diagne's interest in the following properties shall be condemned and forfeited to the United States of America, to be disposed of according to law:

      a)    Approximately 19 pairs of Bebe sunglasses;

      b)    Approximately 5 pairs of Baby Phat sunglasses;

      c)    Approximately 1 pair of Cartier sunglasses;

      d)    Approximately 5 pairs of Christian Dior sunglasses;

| | | |
|---|---|---|
| 1 | e) | Approximately 10 pairs of Louis Vuitton sunglasses; |
| 2 | f) | Approximately 2 pairs of J Lo sunglasses; |
| 3 | g) | Approximately 24 pairs of Prada sunglasses; |
| 4 | h) | Approximately 2 pairs of Oakley sunglasses; |
| 5 | i) | Approximately 9 pairs of Rayban sunglasses; |
| 6 | j) | Approximately 2 pairs of Versace sunglasses; |
| 7 | k) | Approximately 26 pairs of Dolce & Gabbana sunglasses; |
| 8 | | |
| 9 | l) | Approximately 8 pairs of Juicy Couture sunglasses; |
| 10 | m) | Approximately 2 pairs of Sean John sunglasses; |
| 11 | n) | Approximately 68 pairs of Chanel sunglasses; |
| 12 | o) | Approximately 39 pairs of Gucci sunglasses; |
| 13 | p) | Approximately 3 pairs of Armani sunglasses; |
| 14 | q) | Approximately 26 pairs of Coach sunglasses; |
| 15 | r) | Approximately 5 Prada wallets; |
| 16 | s) | Approximately 8 Christian Dior wallets; |
| 17 | t) | Approximately 8 Coach wallets; |
| 18 | u) | Approximately 13 Gucci wallets; |
| 19 | v) | Approximately 20 Coach watches; |
| 20 | w) | Approximately 8 Chanel purses; |
| 21 | x) | Approximately 2 Dooney & Burke purses; |
| 22 | y) | Approximately 2 Hermes purses; |
| 23 | z) | Approximately 2 Juicy Couture purses; |
| 24 | aa) | Approximately 5 Christian Dior purses; |
| 25 | bb) | Approximately 31 Coach purses; |
| 26 | cc) | Approximately 10 Dolce & Gabbana purses; |
| 27 | dd) | Approximately 100 Dolce & Gabbana emblems; |
| 28 | ee) | Approximately 33 Prada purses; |

        ff)    Approximately 21 Ferragamo purses;

        gg)    Approximately 37 Gucci purses;

        hh)    Approximately 2 Louie Vuitton purses;

        ii)    Approximately 1 Chloe purse; and

        jj)    Approximately 1 Fendi purse.

    2.    The above-listed properties were used, in any manner or part, to commit or to facilitate a commission of a violation 18 U.S.C. § 2320(a).  Pursuant to 18 U.S.C. § 2320(b)(3)(B), the Court shall order that any forfeited article or component of an article bearing or consisting of a counterfeit mark be destroyed.

    3.    Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-described properties.  The aforementioned properties shall be seized and held by the Department of Homeland Security, United States Secret Service, in its secure custody and control.

    4.    a.    Pursuant to 18 U.S.C. § 2320(b)(3)(B) incorporating 21 U.S.C. § 853(n) and Local Rule 83-171, the United States forthwith shall publish at least once for three successive weeks in the <u>Auburn Sentinel</u> (Placer County), a newspaper of general circulation located in the county in which the above-listed properties were seized, notice of this Order, notice of the Attorney General's or Secretary of the Department of Homeland Security's intent to dispose of the properties in such manner as the Attorney General or Secretary of the Department of Homeland Security may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed properties must file a petition with the Court within thirty (30) days of the final publication of the notice or of

3

receipt of actual notice, whichever is earlier.

       b.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

       c.  The United States may also,to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

   5.  If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 2320(b)(1)(B), in which all interests will be addressed.

   SO ORDERED this 5th day of August, 2008.

/s/ John A. Mendez  
HON. JOHN A. MENDEZ  
United States District Judge

4